The information available on Case.net is provided as a service and is not considered an official court record.

# EXHIBIT A

Case.net:26SL-CC04023 - ROOSEVELT JOHNSON V NFM BUYER, LLC (E-CASE) - Docket Entries

**Sort by date:** Descending Ascending          **Display options:** All Entries ⌄

**06/30/2026**

### Corporation Served

Document ID - 26-SMCC-7545; Served To - NFM BUYER LLC; Served Date - 06/24/2026; Served Time - 08:57:03; Service Type - SD; Reason Description - SERV; Service Text -

**05/29/2026**

### Summons Issued-Circuit

Document ID: 26-SMCC-7545, for NFM BUYER LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/28/2026**

### Filing Info Sheet eFiling

**Filed By:** KENNETH A LEEDS

### Pet Filed in Circuit Ct

PETITION.

**Filed By:** KENNETH A LEEDS

**On Behalf Of:** ROOSEVELT JOHNSON

### Judge Assigned

DIV 16

**26SL-CC04023**

Electronically Filed - St Louis County - May 28, 2026 - 01:06 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

ROOSEVELT JOHNSON,          )
      Plaintiff,           )
vs.                  )       Case No.
                        )
NFM BUYER, LLC, d/b/a     )
NEW FRONTIER MATERIALS,  )
      Defendant.         )

Serve:
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

**<u>PETITION</u>**

COMES NOW Plaintiff Roosevelt Johnson, by his attorney Kenneth Leeds, and for his Petition against Defendant New Frontier Materials, states as follows:

1.      That at all times herein complained of Plaintiff was a resident of the County of St. Clair, State of Illinois.

2.      That at all times herein complained of Defendant New Buyer LLC, was a foreign corporation doing business in St. Louis County, State of Missouri under the fictitious name New Frontier Materials.

3.      That on or about the 17th day of April 2024, while in the process of transferring fuel from his fuel truck into a diesel fuel tank owned, operated and maintained by the Defendant, Plaintiff became aware that fuel from the truck was no longer filling Defendant's fuel tank, even though the fuel gauge on the fuel tank indicated that the fuel tank had not reached fuel capacity.

–1–

Electronically Filed - St Louis County - May 28, 2026 - 01:06 PM

4.    That Defendant shut off the power from his truck that energized the trucks fuel pump and then shut off the valve on Defendant's fuel tank where Plaintiff had connected his fuel hose.

5.    That in the process of disconnecting the fuel hose from the fuel pump, the fuel hose suddenly and without warning blew off and the fuel hose coupling struck Plaintiff's left foot.

6.    That at all times herein complained of the gauge attached to the valve referred to in the previous paragraph, and that measured the amount of fuel in Defendant's fuel tank, was defective because at the time Plaintiff started filling the fuel tank, the fuel gauge indicated that the fuel tank had the capacity to receive the fuel that Plaintiff was transferring when this was not the case.

7.    That at all times herein complained of Defendant committed one or more of the following negligent acts or omissions:

   a.    Failed to inspect and/or maintain the valve/gauge in order that it would function as manufactured.

   b.    Failed to replace the valve/gauge prior to Plaintiff's attempt to connect the fuel hose from his fuel truck to the valve.

   c.    Failed to test the valve/gauge in order to determine if it was operating within manufacturer specifications.

   d.    Failed to replace the valve/gauge prior to Plaintiff's attempt to connect the fuel hose from his fuel truck to the valve.

8.    That as a direct proximate result of one or more of the aforementioned negligent acts or omissions committed by Defendant, Plaintiff 's left foot was injured. That as a result of his

–2–

Electronically Filed - St Louis County - May 28, 2026 - 01:06 PM

injury Plaintiff was caused to incur and may in the future incur medical expenses; that Plaintiff has suffered and may in the future suffer pain and emotional distress; that Plaintiff has lost income; that Plaintiff's injuries are permanent, progressive and continuing.

WHEREFORE, Plaintiff Roosevelt Johnson prays that he be awarded fair and reasonable damages against Defendant in a sum in excess of $25,000.00, prejudgment interest, his costs herein incurred and for such other relief as the Court deems appropriate.

/s/Kenneth A. Leeds #30885
906 Olive Street
St. Louis, MO 63101
314-726-5555
kennethaleedspc@leedspc.com

–3–

# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFFERY THOMAS MCPHERSON | Case Number:  26SL-CC04023 |
| Plaintiff/Petitioner:<br>ROOSEVELT JOHNSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KENNETH A LEEDS<br>KENNETH A. LEEDS PC<br>906 OLIVE STREET PENTHOUSE<br>ST. LOUIS, MO  63101 |
| Defendant/Respondent:<br> NFM BUYER LLC<br>DBA:   NEW FRONTIER MATERIALS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp for Return) |

**The State of Missouri to:**    **NFM BUYER LLC**
**Alias:**
**DBA:   NEW FRONTIER MATERIALS**
**CSC LAWYERS INC. CORPORATING**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

| | |
|---|---|
| 29-MAY-2026 | /S/ Adam Dockery |
| Date | Clerk |

***ST. LOUIS COUNTY***

**Further Information:**
AD

**Case Number: 26SL-CC04023**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with_____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on_____ (date)

at _____ (time).

_____  _____

Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

                                          Date                              Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-7545**

2 of 2 (26SL-CC04023)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.   Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.   The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



*RETURN COPY*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

**RECEIVED**

JUN 2 3 2026

COLE COUNTY SHERIFF'S OFFICE

| | |
|---|---|
| Judge or Division:<br>JEFFERY THOMAS MCPHERSON | Case Number: 26SL-CC04023 |
| Plaintiff/Petitioner:<br>ROOSEVELT JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>KENNETH A LEEDS<br>KENNETH A. LEEDS PC<br>906 OLIVE STREET PENTHOUSE<br>ST. LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br> NFM BUYER LLC<br>DBA: NEW FRONTIER MATERIALS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp for Return) |

**The State of Missouri to:** NFM BUYER LLC
**Alias:**
**DBA: NEW FRONTIER MATERIALS**
**CSC LAWYERS INC. CORPORATING**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

**FILED**

JUN 3 0 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| | |
|---|---|
| 29-MAY-2026 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

6006 $50.00

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

S. Lewis (name) Designee (title).

☐ other: _____

Served at  350 E High St  (address)

in  Cole  (County/City of St. Louis), MO, on  6/24/26  (date)

at  0800  (time).

Sheriff John P. Wheeler by  Dep. B. Howard

Printed Name of Officer or Server        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____

Date                                Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ROOSEVELT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 26SL-CC04023 |
| v. | ) | |
| | ) | Division No. 16 |
| NFM BUYER, LLC d/b/a NEW | ) | |
| FRONTIER MATERIALS, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Edward W. Zeidler II, Brown & James, P.C., and hereby enters his

appearance on behalf of Defendant.

*/s/ Edward W. Zeidler II*
Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)
ezeidler@bjpc.com

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: kennethaleedspc@leedspc.com Kenneth A. Leeds, Attorney for Plaintiff, 906 Olive Street, St. Louis, MO 63101 this 22nd day of July, 2026. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed

1

2

an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

/s/ Edward W. Zeidler II

33538657.1/jbk
7/22/2026

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ROOSEVELT JOHNSON,         )
                                 )
      Plaintiff,           )
                                 )      Cause No. 26SL-CC04023
v.                          )
                               )      Division No. 16
NFM BUYER, LLC d/b/a NEW   )
FRONTIER MATERIALS,       )
                               )
      Defendant.      )

## <u>DEFENDANT NEW BUYER, LLC D/B/A NEW FRONTIER MATERIALS' ANSWER TO PLAINTIFF'S PETITION</u>

COMES NOW Defendant New Buyer, LLC d/b/a New Frontier Materials ("Defendant"), and for its Answer to Plaintiff's Petition, states as follows:

1.     Defendant admits the allegations contained in paragraph 1 of Plaintiff's Petition.

2.     Defendant states that it is a citizen of the State of North Carolina and that it is registered with the Missouri Secretary of State as a foreign limited liability company. Defendant denies the remainder of the allegations contained in paragraph 2 of Plaintiff's Petition.

3.     Defendant denies the allegations contained in paragraph 3 of Plaintiff's Petition.

4.     Defendant denies the allegations contained in paragraph 4 of Plaintiff's Petition.

5.     Defendant lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 5 of Plaintiff's Petition and therefore denies same. Defendant denies that it engaged in any negligent conduct.

6.     Defendant denies the allegations contained in paragraph 6 of Plaintiff's Petition.

7.     Defendant denies the allegations contained in paragraph 7 of Plaintiff's Petition, including all subparagraphs.

8.     Defendant denies the allegations contained in paragraph 8 of Plaintiff's Petition.

9.     Defendant denies all allegations contained in Plaintiff's Petition not specifically admitted above.

## AFFIRMATIVE DEFENSES

1.     For further answer and defense, Defendant states that Plaintiff's Petition fails to state a claim upon which relief can be granted against Defendant.

2.     For further answer and defense, Defendant states that, in the event of an adjudication of the issues in this cause whereby Defendant is held liable to respond in damages to Plaintiff, Defendant provides notice to the Court and all parties that Defendant intends to invoke the provisions of R.S.Mo. § 490.715, which provides that parties may introduce evidence of the actual cost of the medical care or treatment rendered to a plaintiff or patient whose care is at issue, and actual cost is defined as a sum of money not to exceed the dollar amounts paid by or on behalf of a Plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care

2

or treatment by a health care provider after adjusting for any contractual discounts, price reduction, or write-off by any person or entity.

3.      For further answer and defense, Defendant states that whatever injuries and damages Plaintiff may have sustained, if any, were the direct and proximate result of the carelessness, negligence and/or comparative fault of Plaintiff.

4.      For further answer and defense, Defendant states that Plaintiff has failed to mitigate his damages.

5.      For further answer and defense, Defendant states that Plaintiff assumed the risk of the actions he undertook, which risks were open and obvious.

6.      For further answer and affirmative defense, Defendant states that it cannot be held liable for Plaintiff's alleged accident or subsequent injuries to the extent Defendant contracted with Plaintiff's employer, Energy Petroleum Co. to relinquish control of the premises and safety of Energy Petroleum Co.'s employees to Energy Petroleum Co. at the time of the incident alleged by Plaintiff.

7.      For further answer and defense, Defendant cannot be held liable for any alleged dangerous condition because any such condition was open, obvious and apparent to Plaintiff and rescinded any duty owed by Defendant.

8.      For further answer and defense, Defendant hereby gives notice that it intends to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered and responded to Plaintiff's Petition, Defendant prays that Plaintiff be awarded nothing, that his lawsuit be dismissed with prejudice, and that costs be awarded to Defendant along with any such other relief as the Court deems appropriate.

*/s/ Edward W. Zeidler II*

Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
Attorneys for Defendant
800 Market Street, Suite 1100
St. Louis, Missouri  63101
(314) 421-3400
(314) 421-3128 (Fax)

ezeidler@bjpc.com

The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: kennethaleedspc@leedspc.com Kenneth A. Leeds, Attorney for Plaintiff, 906 Olive Street, St. Louis, MO 63101 22nd day of July, 2026. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

*/s/ Edward W. Zeidler II*

33538932.1

4